(No. 75-CV-21—)

Jerome E. Zaring, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 13, 1975.*

Jerome E. Zaring, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on January 31, 1974, at 624 West Division Street, Cook County, Chicago, Illinois. Jerome Zaring, victim of crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, et seq.* (Hereafter referred to as *"the Act"*).

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Jerome Zaring, age 40, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Aggravated Battery", *(Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4).*

2. That on June 7, 1974, claimant was struck over the left eye with a baseball bat while decending the stairs from the 12th floor of the Cabrini Green Housing Project at 624 West Division Street. Prior to the battery

Jerome Zaring was making a sales call in apartment 1209.

3. That no evidence was presented that claimant's injury was attributable to either his wrongful act or substantial provocation on his part.

4. That the victim notified the Chicago Police Department who transported the victim to Henrotin Hospital, 111 West Oak Street, Chicago, where he was treated in the emergency room and transferred to Northwestern Memorial Hospital, Superior and Fairbanks Street, Chicago, where he was treated for a skull fracture and deep lacerations. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance. However, the assailant has not been identified and the police have suspended their investigation.

7. That the claimant seeks compensation under the Act for medical expenses and loss of earnings.

8. That the claimant was in the hospital from January 31, 1974, to February 6, 1974, and that he did not return to work for two weeks after he came home from the hospital. That this was a reasonable amount of time for recovery from the type of injury that the claimant suffered.

9. That the claimant's average monthly earnings for the 6 months immediately preceding his injury were $566, but earnings of only $500 per month can be considered as the basis for determining loss of support, pursuant to the following provision in Sec. 4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

10. That based on a period of three weeks lost time, and taking $500 per month as his average earnings his loss of earnings is computed to be $375.

11. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were not covered by insurance benefits, the amount of pecuniary loss for these items is as follows:

```
1) Hospital ....................................... $1,308.13
2) Medical ........................................ $ 135.00
 ----------
 $1,443.13
```

12. That in determining the amount of compensation to which an applicant is entitled, Sec. 7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant. . .)"

13. That in this claim before us the claimant has not received any benefits from other sources. The statutory deduction of $200 having been deducted from the gross amount of loss as calculated in Paragraphs 10 and 11 leaves a loss compensable under the Act of $1,618.13. Hence, the claimant is entitled to an award in the amount of $1,618.13.

IT IS HEREBY ORDERED that the total sum of $1,618.13 be awarded to the claimant as an innocent victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED AND NINETY NINE DOLLARS and NINETY NINE CENTS) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $618.04 be referred forthwith the General Assembly for its approval.

The Court adds this parenthetical note for imformational purposes. The claimant has informed the Court that he is contemplating having plastic surgery to remove scars on his face that resulted from his injury. Without further evidence that this is an appropriate medical expense pursuant to Sec. 4 of the Act, the court can make no determination as to this issue. The claimant may, however, seek modification of this award at a future date pursuant to Sec. 9 of the Act.